---

(54 Misc. Rep. 1)

## In re RUPP et al.

(Supreme Court, Special Term, New York County. April, 1907.)

1. INTOXICATING LIQUORS—LICENSE—ELIGIBILITY FOR LICENSE—PLACE.

An unfinished and unoccupied building, designed for and intended to be occupied exclusively as a church, is not a building occupied exclusively as a church, within the meaning of the liquor tax law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, § 59.]

2. SAME.

Where access to a rear building on a lot is through an independent hallway leading from the street through the front building to the yard between the front and rear buildings, the entrance from the street into such hallway is not the entrance to the rear building which the liquor tax law contemplates; but the entrance contemplated by that law is the door in the wall leading from the yard into the rear building, and, this entrance being within the prescribed distance of a proposed saloon, consent of the owner of the building or his agent is required.

3. SAME—CONSENT OF OWNERS—WHO ARE.

One who is merely a lessee of a building, though he represents the owner as a general real estate agent and is interested in any profits that may be realized on a sale of the property, is not the owner or the duly authorized agent of the owner, within the meaning of the liquor tax law.

4. SAME—REVOCATION OF LICENSE—WHO MAY PETITION.

Testamentary trustees, in whom the legal title to the testator's real estate is vested, are taxpayers within the meaning of the liquor tax law, and as such are authorized to petition for the revocation of a liquor tax certificate.

Application by Louis P. Rupp and others, as executors and trustees of the estate of Adolph Rupp, deceased, for an order revoking and canceling a liquor tax certificate issued to Charles E. King, Jr. Application granted.

Strong & Cadwalader, for petitioners.
Charles E. Mahoney, for respondent.

LEVENTRITT, J. On or about January 19, 1907, the respondent filed his verified application for a license authorizing him to traffic in liquors at premises 433 Ninth avenue, which is also 401 West Thirty-

Fourth street, New York City; and thereupon, the application having been found to be correct in form and no reason appearing on the face thereof why a license should not be granted, a liquor tax certificate was issued for the purposes mentioned. On or about March 16, 1907, the petitioners, as executors and trustees under the will of Adolph Rupp, who died February 14, 1907, seised of premises 406 West Thirty-Fourth street, and whose will was admitted to probate March 29, 1907, instituted this proceeding, as resident taxpayers, for the revocation of respondent's license, alleging that the respondent made false answers to the following questions in the application:

"(9) Does the applicant intend to traffic in liquors under the certificate applied for in any building, yard, booth, or other place which is on the same street or avenue and within 200 feet of a building occupied exclusively as a church or schoolhouse?"

To which respondent answered: "No."

"(13) How many buildings are there occupied exclusively as dwellings, the nearest entrance to which is within 200 feet, measured in a straight line, of the nearest entrance to the premises where the traffic in liquors is intended to be carried on?"

To which respondent answered: "Four."

"(14) Has the applicant attached hereto a consent in writing that such traffic in liquors be so carried on in said premises during the term herein stated, executed by the owner or owners, or by the duly authorized agent or agents of such owner or owners, of at least two-thirds of the total number of buildings occupied exclusively for dwellings, the nearest entrance of each of which is within 200 feet, measured in a straight line, of the nearest entrance to the premises described herein as those in which traffic in liquor is to be carried on, and acknowledged as are deeds entitled to be recorded?"

To which the respondent answered: "Yes."

As to question 9, the petitioners allege that at the time the application statement was filed there was and now is at Nos. 412 to 420 West Thirty-Fourth street, concededly within the prescribed radius, "a building designed for and intended to be occupied exclusively as a church." This allegation is supported by the evidence, but the proof thereof does not in any degree negative the truth of the respondent's statement. He was required by statute to state whether the contemplated traffic would be within 200 feet of a building occupied exclusively as a church. That the building in question was when the application was filed, and now is, in the hands of the builders in an unfinished condition, and not only unoccupied, but unfit for occupancy, is undisputed. Under the statute, occupancy, and not contemplated occupancy, fixes the character of the building. The respondent's answer to this question was, therefore, a proper one.

The answer to question 13 was also correctly stated. There were and are but four buildings occupied exclusively as dwellings. This is now conceded.

This brings us to the answer to question 14. The respondent filed consents for Nos. 365 and 403 West Thirty-Fourth street and 416 West Thirty-Fifth street, front and rear. He concedes, however, that in the list of dwellings the front building on premises 416 West Thirty-

Fifth street should be excluded as not within the prohibited distance and that the dwelling on premises 406 West Thirty-Fourth street, for which no consent was filed, should be included. The consent for No. 416 West Thirty-Fifth street rear was signed "Henry E. Hovey, by Folsom Bros., Duly Authorized Agents, by Samuel D. Folsom." Samuel D. Folsom testified that he was the lessee of the premises; that he represented the owner, Henry E. Hovey, as general real estate agent; that he was interested in any profits which might be realized by the owner on a sale of the property; that he was not authorized to sign the consent in question; and that, upon being requested by the respondent to obtain the consent of the owner, he refused to do so. It cannot be successfully urged that such a consent satisfies the statute which requires the consent of the owner or of his duly authorized agent. That Folsom's consent was without authority cannot be questioned. The respondent's contention that Folsom's interest in the premises was sufficient to justify his act is without merit. Folsom was lessee, and his interest extended only to participation in profits in the event of a sale. He was in no sense an owner of the premises or of any part thereof

But the respondent maintains that, conceding this consent to be void, he has complied with the statute, since the entrance to the rear building of No. 416 West Thirty-Fifth street is not within 200 feet of the nearest entrance to his saloon; that therefore, there are but three dwellings within the prohibited radius, for two of which he has filed consents. The rear building of 416 West Thirty-Fifth street is reached through an independent hallway leading from the street through the front building to the yard between the front and rear buildings. The respondent contends that the entrance from the street into this hallway in the front building is the entrance to the rear building which the statute contemplates, and which is, admittedly, without the statutory limit. This contention is unfounded. Although the rear building is accessible only by means of the hallway mentioned, the entrance contemplated by the statute is the door or physical opening in the wall leading from the yard into the rear building. While the hallway affords an avenue through which the building may be reached, the door or opening in the wall of the building affords the only means of access into the building itself. This entrance is within 200 feet from the nearest entrance to the respondent's saloon. The respondent is, therefore, able to avail himself of but two legally executed consents; whereas, the statutory requirement is three, there being four dwellings within the limited radius.

But the respondent urges that, even conceding the failure of his application to furnish a sufficient basis for his certificate, the petitioners are not qualified to institute these proceedings, as they are not taxpayers, in that they have neither paid nor been assessed for taxes as executors and trustees. The petitioners are executors and trustees under the will of Adolph Rupp who died seised of premises No. 406 West Thirty-Fourth street. Upon his death the legal title to these premises vested under his will in the petitioners in their representative capacity for the purpose of the trust created by their testator. Both under the will and by operation of law they are liable for the payment

of taxes.   They are, therefore, within the meaning of the statute, tax-payers.

It follows that the application must be granted

Application granted.